SCHOOLS
Under the provisions of 70 O.S. 102 [70-102] (1976), a student who has been granted an emergency transfer for the two preceding school years, and a younger brother of such student presently eligible to attend school and having previously been granted a transfer for the purpose of attending kindergarten, may continue to attend school within the receiving district conditioned only upon the approval for such attendance by the receiving district. The Attorney General is in receipt of your request for a legal opinion wherein you ask, in effect, the following question: Under the provisions of 70 O.S. 8-102 [70-8-102] (1976), may a student who has been granted an emergency transfer for the two preceding school years, and a younger brother of such student presently eligible to attend school and having previously been granted a transfer for the purpose of attending kindergarten, continue to attend school within the receiving district with such receiving district's approval only, or must such transfer also be approved by the sending district? Title 70 O.S. 8-102 [70-8-102] (1976), provides, in respects relevant to your question: "The county superintendent of schools shall grant an application for transfer of a child from the district in which he resides to another school district furnishing instruction in the grade he is entitled to pursue if such transfer has the approval of the boards of education of the sending and receiving districts. A student granted a transfer during the 1972-73 school year, or any school year thereafter, may continue to attend the school to which he is transferred with the approval of the receiving district only, and any brother or sister of such student may attend such school with approval of the receiving district only, provided that this provision shall not apply to pupils transferred for the purpose of attending classes in special education or a graduating senior in counties having a population of four hundred fifty thousand (450,000) or above, previously legally enrolled in the school district to which he wishes to transfer, or to students with catastrophic medical problems." (Emphasis added) Your question essentially asks if a prior emergency transfer, as provided under other provisions of the School Code, would constitute "a transfer" such as that contemplated in the above-quoted and emphasized proviso concerning the continued attendance to the receiving district under circumstances where a prior transfer was granted, such continued attendance to the receiving district requiring only the receiving district's approval. It should be initially noted that the emergency transfers to which you refer are those as may be granted pursuant to the provisions of 70 O.S. 8-104 [70-8-104] (1971), or 70 O.S. 8-111 [70-8-111] (1976). Under these two Sections, a student may be granted an emergency transfer by the county superintendent under circumstances in which there has been a destruction of the school building, an inability to furnish the grade of study the pupil is entitled to pursue, where there is a total failure of transportation facilities previously had or contemplated, or where there is an inability of the sending district to offer the subject a pupil desires to pursue. In lights of the grounds upon which a so-called regular transfer may be granted, the same being distinguishable from the grounds upon which a so-called emergency transfer may be granted, your question is primarily whether a prior year's emergency transfer would qualify as a prior transfer within the meaning of 70 O.S. 8-102 [70-8-102], supra, so as to require the approval of the receiving district only for the subsequent transfer to be granted. A fundamental rule of statutory construction and interpretation requiring little citation is the rule which provides that where a statute is plain, clear and unambiguous its evident meaning must be accepted, there being no justification for the use of interpretative devices to reach and find a different meaning. McVicker v. Board of County Commissioners, Okl., 442 P.2d 297 (1968). In keeping with the rule of statutory interpretation noted above, it would appear that the prior year's transfer proviso of 70 O.S. 8-102 [70-8-102], allowing a student to continue to attend the school to which he transferred with the approval of the receiving district only, would be applicable to a prior year's emergency transfer as authorized under the provisions of Article VIII, Title 70, Oklahoma Statutes. In this connection, it is noted that there are indeed different types of student transfers referred to throughout the School Code. Title 70 O.S. 8-102 [70-8-102] and 70 O.S. 8-103 [70-8-103] (1976), pertain to what is commonly referred to as a "regular" transfer. Conversely, 70 O.S. 8-104 [70-8-104] (1971) and 70 O.S. 8-111 [70-8-111] (1976), pertain to transfers commonly categorized as emergency transfers. In addition to these two types of transfers, it may be found that the School Code allows student transfers where the grade a student is entitled to pursue is not offered within the district (70 O.S. 8-101 [70-8-101] (1971)), where there has been a closure of school (70 O.S. 8-106 [70-8-106] (1971)), and where such transfers are for special education students (Article XIII, Title 70, Oklahoma Statutes). While all of the above-referred student transfers are distinguishable in type and are respectively granted for specified reasons, all are nevertheless student transfers per se. With the exception of the special exclusion language following the prior year's transfer proviso of 70 O.S. 8-102 [70-8-102], supra, the proviso generally applies to transfers without distinction as to type. Accordingly, it may be concluded that since this proviso would include prior emergency transfers. The interpretation above expressed would appear to be consistent with the apparent legislative intent ascertainable from a review of the various provisions concerning the transfer of pupils, as contained within Article VIII, Title 70, Oklahoma Statutes. In this connection, it is observed that beyond the so-called plain reading rule the more substantive rule of statutory construction is to ascertain and declare the intention of the Legislature in the enactment of such provision and to carry such intention into effect. Bohn v. Divine, Okl. App., 544 P.2d 916 (1975). The subject 70 O.S. 8-102 [70-8-102], as contained within the original School Code of 1971, contained no provision allowing for the continuance of attendance to a school to which a transfer was granted in the prior year. This proviso was first inserted in the statute under H.B. 1289, Ch. 90, O.S.L. 1973. The subject proviso first inserted by virtue of the 1973 amendment provided that a student who transferred during the 1972-73 school year could continue to attend the school to which he was transferred with the approval of the receiving district only, and any brother or sister of such student could likewise attend such school with the approval of the receiving district only. This amendment further provided that the proviso did not apply to dependent elementary school districts, nor to pupils who were transferred for the purpose of attending classes in special education. The proviso of 70 O.S. 8-102 [70-8-102] was again amended in 1975 under S.B. 160, Ch. 234, O.S.L. 1975. By virtue of the 1975 amendment, the Legislature excluded the previously excepted application of the proviso to dependent elementary school districts. This statutory language was again amended in 1976 by virtue of S.B. 617, Ch. 106, O.S.L. 1976. It is this amendment which presents the subject language in its present form. As heretofore quoted, the prior year's transfer provision, allowing continued attendance to the receiving district with such receiving district's approval only, states in its present form that there are three circumstances under which the provision does not apply, these being: (1) in regard to those pupils transferred for the purpose of attending classes in special education; (2) in regard to graduating seniors in counties having a population of four hundred fifty thousand (450,000) or above, and (3) in regard to students with catastrophic medical problems. Given the historical analysis above noted, and again based upon a plain reading of the subject proviso, two conclusions would appear to be clear. Firstly, it would appear that the Legislature in enacting the prior year's transfer proviso has considered its potential application to transfers other than the so-called regular transfer of 70 O.S. 8-102 [70-8-102], supra. An example of such other types of transfers to which the proviso was not intended to apply is the special education transfers as authorized in Article XIII, Title 70, Oklahoma Statutes. Secondly, in noting the circumstances under which the continuing transfer provisions are intended not to apply, it is notable that there is no exclusion made in the case of emergency transfers. Accordingly, it may be concluded that, had the Legislature intended emergency transfers not to fall within the meaning of the continuing transfer proviso, such intent would have been expressed in conjunction with the other excluded circumstances and transfers. One final point of apparent legislative intent should be observed. 70 O.S. 8-102 [70-8-102](b) primarily concerns the appropriate procedure to be followed wherein there is a change of residence subsequent to a student being granted a transfer. However, this subsection also contains the following requirement: "Provided, further, that when the transfer of a child has been finally approved or becomes final under the provisions of this article, such child shall not be entitled to attend school in the district from which he was transferred, even though he continues to live therein during the school year for which the transfer was made, except in case of a cancellation of the transfer as authorized by this article." The language above quoted would appear to indicate that the various provisions of 70 O.S. 8-102 [70-8-102] are, depending upon the particular statutory language involved, contemplated to apply to any transfers authorized under the provisions of Article VIII, Title 70, Oklahoma Statutes. Indeed, emergency transfers are authorized under the provisions of said Article VIII and, therefore, it may be concluded that such emergency transfers are contemplated, respectively, within the provisions of 70 O.S. 8-102 [70-8-102]. It should be noted that the conclusion herein expressed is not intended to recognize any new or additional grounds upon which an "emergency transfer" may be granted, nor to create a continuing emergency so as to justify subsequent transfers. For the grant of an emergency transfer, the statutory grounds of 70 O.S. 8-104 [70-8-104] or 70 O.S. 8-111 [70-8-111], supra, must be found to exist. This Opinion merely concludes that a previous year's emergency transfer would constitute a "transfer" within the meaning of the proviso of 70 O.S. 8-102 [70-8-102], supra, so as to make such proviso operative in allowing subsequent attendance to the receiving district conditioned only upon the receiving district's approval. Accordingly, Opinion No. 75-264, issued November 26, 1975, to the Honorable Dr. Leslie Fisher, State Superintendent of Public Instruction, must be deemed modified to the extent it may be considered inconsistent with this conclusion. It is, therefore, the opinion of the Attorney General that your question be answered as follows. Under the provisions of 70 O.S. 8-102 [70-8-102] (1976), a student who has been granted an emergency transfer for the two preceding school years, and a younger brother of such student presently eligible to attend school and having previously been granted a transfer for the purpose of attending kindergarten, may continue to attend school within the receiving district conditioned only upon the approval for such attendance by the receiving district. (R. THOMAS LAY)